Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0004 5451 73

WEST VIRGINIA DIVISION OF CORRECTION AND
REHABILITATION
1409 GREENBRIER STREET
CHARLESTON, WV 25311

RECEIVED
NOV 0 6 2025
West Virginia Division of
Corrections and Rehabilitation



**Kris Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
      886-767-8683
Visit us online:
www.wvsos.com

Control Number: 348893
Defendant: WEST VIRGINIA DIVISION OF
CORRECTION AND
REHABILITATION
1409 GREENBRIER STREET
CHARLESTON, WV 25311 US

County: Kanawha
Civil Action: CC-20-2025-C-1242
Certified Number: 92148901125134100004545173
Service Date: 11/3/2025

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.

Sincerely,

*Kris Warner*

Kris Warner
Secretary of State



West Virginia E-Filing Notice

CC-20-2025-C-1242

Judge: Kenneth Ballard

To: West Virginia Division of Correction and Rehabilitation
1409 Greenbrier Street
Charleston, WV 25311

RECEIVED

NOV 0 6 2025

West Virginia Division of
Corrections and Rehabilitation

# NOTICE OF FILING

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

Derrick Austin v. CO Jacob Hibbs

CC-20-2025-C-1242

The following complaint was FILED on 10/15/2025 3:41:50 PM

Notice Date: 10/15/2025 3:41:50 PM

Cathy S. Gatson
CLERK OF THE CIRCUIT COURT
Kanawha County
P.O. Box 2351
CHARLESTON, WV 25301

(304) 357-0440

# SUMMONS

E-FILED | 10/15/2025 3:41 PM
CC-20-2025-C-1242
Kanawha County Circuit Clerk
Cathy S. Gatson

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
### Derrick Austin v. CO Jacob Hibbs

Service Type:   Filer - Secretary of State

NOTICE TO:   West Virginia Division of Correction and Rehabilitation, 1409 Greenbrier Street, Charleston, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

Paul Stroebel, PO Box 2582, , Charleston, WV 25329

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

10/15/2025 3:41:50 PM                    /s/ Cathy S. Gatson
       Date                                        Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint t _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling or usual place of abode to _____, someone who is eighteen (18) years of age or above and resides there.

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____, an agent or attorney-in-fact authorized by appointment or statute to receive service of process for the individual.

☐ I have reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ I have not reviewed documentation authorizing the above-named person to accept service on behalf of the individual named on the summons.

☐ Not Found in Bailiwick

_____                          _____
   Date                              Server's Signature

E-FILED | 10/15/2025 3:41 PM
CC-20-2025-C-1242
Kanawha County Circuit Clerk
Cathy S. Gatson

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

DERRICK AUSTIN,

        Plaintiff,

v.                                          Civil Action Number: _____

CO JACOB HIBBS,
CO JOHNSON, CO JOHN DOE,
and WEST VIRGINIA DIVISON OF
CORRECTION AND REHABILITATION,

        Defendants.

## COMPLAINT

Comes now the Plaintiff, Derrick Austin, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendants, states as follows:

1. Plaintiff, Derrick Austin (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at Tygart Valley Regional Jail (hereinafter "TVRJ"). Plaintiff has exhausted his administrative remedies and is no longer incarcerated.

2. Defendant West Virginia Division of Correction and Rehabilitation (hereinafter "WVDOCR") is a correctional institution funded, in whole or part, by the State of West Virginia. The WVDOCR's principle or central office is located in Charleston, Kanawha County, West Virginia. The WVDOCR is responsible for overseeing the jails and correctional facilities throughout the state and employed the individual defendants named herein.

3. Defendant CO Jacob Hibbs was employed by the West Virginia Division of Corrections as a correctional officer at TVRJ. Hibbs used excessive/unnecessary force against the plaintiff.

4. Defendant CO Johnson was employed by the West Virginia Division of Corrections as a correctional officer at TVRJ that was present during the use of excessive force against the plaintiff and failed to intervene on plaintiff's behalf to stop the wrongful spraying.

5. The wrongful acts of the individual defendants directly resulted in plaintiff being seriously injured. Plaintiff affirmatively states that he has exhausted all administrative remedies. Plaintiff further asserts that he is seeking damages up to an amount commensurate with the amount of insurance coverage if applicable to the claims made herein. The defendant COs are being sued in their individual capacities. Plaintiff is not asserting a claim pursuant to 42 USC § 1983 against the WVDOCR.

6. All events and occurrences alleged herein occurred in the State of West Virginia.

## FACTS

7. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 6 as if fully set forth herein

8. At all times relevant herein, Plaintiff was an inmate at TVRJ.

9. On or about October 16, 2023, as an inmate of the West Virginia Division of Corrections, plaintiff got into an argument with another inmate. Defendant Johnson called for Hibbs to come to the pod. When Hibbs arrived, plaintiff was in his cell. Defendant Johnson directed plaintiff to exit the cell. As plaintiff was exiting, Defendant Hibbs was talking trash. As he was doing so, Hibbs pulled his OC spray and without justification, sprayed plaintiff in the face.

10. Defendant CO Johnson was present and had the opportunity to stop the wrongful conduct but failed to do so. Defendant Hibbs instructed plaintiff to get on the ground and plaintiff complied. Just prior to getting on the floor, Hibbs again sprayed plaintiff directly in his eyes. Plaintiff was then cuffed and was led out of the housing unit where Hibbs threw plaintiff to the floor. Hibbs, who is large and believed to be in excess of 300 lbs., placed his weight on plaintiff as he was lying on the floor. Plaintiff repeatedly told Hibbs he could not breath but Hibbs refused to get off plaintiff's back. This caused plaintiff serious back injuries. Plaintiff

also suffers serious chronic headaches, as well as burning skin and shortness of breath as a result of defendants' conduct.

11. The conduct of defendants was such that through their training and legal precedent, defendants would have known that physically assaulting and spraying an inmate that could not protect himself and who was not a threat to the officers or himself, violated West Virginia Corrections policy and procedure as well as plaintiff's constitutional rights.

12. Defendants' conduct, carried out under the color of state law, violated WVDOCR policy which addresses the duty to protect inmates from harm as well as the use of force policy adopted by the WVDOCR. This conduct also violated plaintiff's right to be free from excessive physical force in violation of the Eighth or Fourteenth Amendment to the United States Constitution. At no time was plaintiff a threat to the defendants and at no time did plaintiff threaten any of the defendants.

## COUNT I – VIOLATION OF 42 USC §1983

13. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 12 as if fully set forth herein.

14. Defendant Hibbs used excessive force against Plaintiff as previously described herein. This conduct was unnecessary and unjustified. Defendant's actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation, embarrassment and emotional distress upon him and was carried out under the color of the laws of the State of West Virginia. The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America and is actionable pursuant to 42 USC § 1983. Defendant is being sued in his individual capacity.

15. The excessive force used against Plaintiff by defendant Hibbs herein, was in violation of Plaintiff's rights under the Eighth/Fourteenth Amendment of the United States

Constitution to be free from unreasonable intrusions on his bodily integrity, as well as cruel and unusual punishment. Defendant's use of excessive force (punching, spraying and sitting on plaintiff) as described herein was cruel and unusual punishment. This cruel and unusual punishment was carried out without any just cause and was completely unwarranted and carried out with malicious intent. The malicious intent is evident from the repeated threats that defendant Hibbs made. Plaintiff also asserts that Defendant Hibbs' conduct was influenced by plaintiff's skin color as Defendant Hibbs made comments about the African Americans in the pod.

16. The conduct of Defendant Hibbs was so egregious and outrageous, so as to constitute an abuse of power in violation of Plaintiff's right to be free from such use of force under the Eighth/Fourteenth Amendment. Further, Defendants' acts, as set forth herein, were done while acting under the color of state law. Plaintiff has continued to seek medical assistance to address his physical injuries which were severe. Plaintiff has suffered severe emotional distress. Plaintiff suffered head injuries, back injuries and injuries to other parts of his body.

17. After the beating and spraying, defendants wrote false reports alleging that plaintiff resisted. This was false and is an attempt to conceal their own wrongdoing.

18. As a result of the aforementioned violation of plaintiff's civil rights, Plaintiff has suffered mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendants' violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against defendants as well as attorney fees and costs pursuant to 42 U.S.C.§ 1983.

## COUNT II – DELIBERATE INDIFFERENCE/ FAILURE TO INTERVENE AND FAILURE TO DECONTAMINATE

19. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 18 as if fully set forth herein.

20. Defendant Johnson was employed by the WVDOCR. Defendant Johnson knew prior to the spraying that Hibbs was going to spray plaintiff without just cause. Despite said knowledge, Defendant Johnson was deliberately indifferent when he failed to intervene when he had the duty and opportunity to prevent the spraying. Both Defendant Hibbs and Defendant Johnson also knew that plaintiff's cell required decontamination. Despite said knowledge, defendants acted in a deliberately indifferent manner when they failed to do so, thereby exposing plaintiff to the OC and its effects for an extended period of time. Defendant's conduct, as described herein, is actionable pursuant to 42 USC §1983.

21. Defendants were also aware that it was their duty to intercede on behalf of plaintiff to prevent plaintiff from being exposed to OC for an extended period of time. Defendants had a duty, pursuant to the 8th and/or 14th Amendments to protect plaintiff from being exposed for an extended period of time to a caustic agent such as OC. This caused plaintiff to suffer burning of his eyes, shortness of breath and physical pain and burning of his body. Defendants had the ability and obligation to intervene and failed to do so. This resulted in plaintiff's 8th or 14th Amendment right to be free from excessive/unnecessary force being violated. Defendants knew from their training and legal precedent that the failure to act was a violation of plaintiff's constitutional right to be free from the unnecessary/excessive uses of force carried out by Hibbs and Johnson's failure to intervene and stopping the spraying. The unconstitutional conduct also included the failure of both Defendants to decontaminate Plaintiff's cell. The conduct would also rise to the level of cruel and unusual punishment.

22. As a result of the aforementioned violation of plaintiff's civil rights, Plaintiff has suffered mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendants' violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against defendants as well as attorney fees

and costs pursuant to 42 U.S.C.§ 1983.

## COUNT III AND IV - FRAUD/CONSPIRACY

23. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 22 as if fully set forth herein.

24. The individual defendants herein were aware that their conduct was a violation of plaintiff's constitutional rights. As a result of this knowledge, defendants schemed and conspired to draft false incident reports in an attempt to hide and cover-up their conduct. The purpose of the fraudulent reports was to impede plaintiff's claim and protect themselves from discipline and/or discharge. Video footage will establish that the reports were false.

25. Defendants' fraudulent conduct as described herein was a proximate cause of plaintiff's injuries and emotional distress.

## COUNT V –OUTRAGEOUS CONDUCT

26. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 25 as if fully set forth herein.

27. Defendants through their joint conduct injured plaintiff while using excessive force when they sprayed or allowed plaintiff to be sprayed with OC without just cause. Defendants acted outrageously when Hibbs sprayed plaintiff when it was not justified and Johnson failed to intervene to prevent the spraying. This conduct caused plaintiff serious emotional distress and physical pain. No person should be subjected to such outrageous conduct. Defendants would have known that such conduct was likely to cause severe emotional distress.

28. Defendants are liable for their inappropriate conduct and the use of excessive force against plaintiff, failure to intervene, failure to decontaminate and the resulting severe emotional distress.

29. As a result of this conduct, Plaintiff suffered serious physical injury, including but

not limited to, severe shortness of breath, blurred vision and burning skin. Plaintiff has also suffered mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendants' violation of his rights and is therefore entitled to compensatory damages as well as punitive damages from defendants as well as and attorney fees and costs pursuant 42 U.S.C.§ 1988.

### COUNT VI - VICARIOUS LIABILITY

30. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 29 as if fully set forth herein.

31. Defendant WVDCR is vicariously liable for the conduct of its employees, Defendants Hibbs, Johnson and John/Jane Doe(s), who were acting within the scope of their employment as described herein for the allegations set forth in Counts III, IV and V of this Complaint.

32. The actions of the defendant correctional officers occurred while they were working for the WVDCR. Defendants were acting within the scope of their employment during the events described herein for the allegations set forth in Counts III, IV and V of this Complaint.

33. The Supreme Court of Appeals of West Virginia has recently confirmed that "An employer may be liable for the conduct of an employee, even if the specific conduct is unauthorized or contrary to express orders, so long as the employee is acting within the general scope of his authority and for the benefit of the employer." *Travis v. Alcon Laboratories, Inc.*, 202 W.Va. 269, 281, 504 S.E.2d 419, 431 (W.Va. 1998); *See also Crawford v. McDonald*, No. 21-0732 (W.Va. Mar. 31, 2023). Plaintiff asserts that the Defendants' conduct was within the scope of their authority and for the employer's benefit.

34. As a result of this conduct, Plaintiff suffered serious physical injury, including but not limited to, severe pain and injury to his body. Plaintiff also suffered severe mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through

defendants' wrongful conduct and is therefore entitled to compensatory damages as well as punitive damages against the defendants as well as attorney's fees and costs. Defendant WVDCR is vicariously liable for Defendants' conduct because they were acting within the general scope of their employment.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants, jointly and severally, and requests that the Court award damages including, but not limited to, physical injury, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses. Plaintiff is not seeking punitive damages from the WVDOCR.

PLAINTIFF DEMANDS A TRIAL BY JURY.

DERRICK AUSTIN,
By Counsel,

/s/ **Paul M. Stroebel**
Paul M. Stroebel (WV Bar #5758)
Attorney for Plaintiff
Stroebel & Stroebel, PLLC
P.O. Box 2582
Charleston, WV 25329
Telephone: (304) 346-0197
E-mail: paulstroeb@aol.com